UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAVID HUBBUCH                                                                                        PLAINTIFF

v.                                                                                  CASE NO. 3:07-CV-691-S

UNITED PARCEL SERVICE, INC.                                                                  DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the court on the motion of defendant United Parcel Service, Inc. ("UPS") for summary judgment (DN 15). Plaintiff David Hubbuch ("Hubbuch") has responded (DN 16) and UPS has replied (DN 17). For the reasons that follow, UPS's motion will be granted.

### BACKGROUND

Hubbuch is employed as an engineering specialist[1] by UPS at its hub in Louisville, Kentucky. Hubbuch alleges that he was not paid for overtime work performed while on call, and was not paid for on-call time for two years, in violation of the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

Hubbuch alleges that he was on call twenty-four (24) hours a day, seven days a week, for two years. In that time, Hubbuch alleges that he received as many as forty (40) to fifty (50) work-related calls per week on a cellular telephone provided by UPS for business use outside of regular working hours. Hubbuch alleges that the calls lasted from two to three minutes to several hours, sometimes required visits to work, and sometimes occurred while he was on vacation. Hubbuch alleges that

---

[1] Officially, Hubbuch's job title at UPS is "Plant Engineering – Facilities Support Group – Business Professional." *Motion for Summary Judgment*, Exhibit C, Job Description.

he was not compensated for the calls and claims damages totaling $124,950.00 in wages owed.

UPS asserts that Hubbuch, as an administrative employee, is exempt from FLSA's overtime requirements. UPS further asserts that even if Hubbuch is non-exempt, he has, in fact, been paid time-and-a-half for his overtime. UPS also asserts that it has never required Hubbuch to be on call. UPS further asserts that even if Hubbuch was on call, he has been correctly paid for his on-call time.

The court has jurisdiction of this action under 28 U.S.C. §§ 1331 and/or 1332.

## DISCUSSION

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The dispute also must be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* at 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

FLSA, in 29 U.S.C. § 207, requires time-and-a-half pay to all employees for all hours worked in excess of 40 per week. However, Section 13(a)(1) of FLSA, as amended, provides an exemption from the Act's overtime requirements for administrative and other defined classes of employees. UPS argues that Hubbuch is an administrative employee and thus is exempt from FLSA's overtime requirements. Hubbuch argues that he is not an administrative employee. The burden is on UPS to show that Hubbuch is an administrative employee, and that the exemption applies. See *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97, 94 S. Ct. 2223, 41 L. Ed. 2d 1 (1974).

As defined, an administrative employee is a salaried employee "whose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(2)-(3).

It is undisputed that Hubbuch is a salaried employee. Hubbuch does not dispute that his primary duty is directly related to the management or general business operations of UPS or its customers and includes the exercise of discretion and independent judgment with respect to matters of significance. However, Hubbuch argues that he does not perform office or non-manual work. Hubbuch argues that his job is "comparable to that of a maintenance mechanic, troubleshooting alarm systems, performing hands on investigations, solve [sic] problems with mechanical, electrical, plumbing and sprinklers, overhead door, etc." *Response*, p. 4. UPS argues that Hubbuch performs exempt work.

Upon review of the facts, the court finds that Hubbuch performs a variety of non-manual work. The Job Description for engineering specialist at UPS identifies a host of responsibilities and

-3-

activities that are fairly characterized as non-manual. The General Summary provides an overview:

> The Business Professional is responsible for solving day-to-day problems inherent in keeping the physical facility in good working order, so as to enhance the hub operations. Activities performed include but are not limited to responding to internal customer requests, responding to facility alarms and emergencies, troubleshooting problems that arise, and coordinating repair work with outside vendors. *Motion for Summary Judgment*, *Exhibit C*, Job Description.

Each of the responsibilities and activities listed above have non-manual components. Other of Hubbuch's enumerated Job Responsibilities, including developing training resources for other team members, working with vendors, and performing facility audits are non-manual in nature, as well. See *Id.* In addition, Hubbuch's very basis for a claim here is that he has not been paid for the performance of non-manual work – troubleshooting by phone – while on call. Hubbuch has submitted an affidavit stating that, "The work performed while "on call" was the same work that Affiant performed on site." *Response*, *Exhibit 1*, Affidavit of David Hubbuch, ¶ 13.

Hubbuch is not simply a mechanic.[2] Hubbuch may perform substantial manual labor as part of his job; nonetheless his primary duty is the performance of non-manual work directly related to the management or general business operations of UPS or its customers. Hubbuch meets the definition of an exempt administrative employee and thus is exempt from FLSA's overtime requirements.

Even assuming, *arguendo*, that Hubbuch was non-exempt, there is no evidence that Hubbuch was not paid for overtime work performed while "on call."[3] It is undisputed that UPS pays Hubbuch

---

[2]The court does not mean to imply that mechanics are not, per se, administrative employees. That question is not decided here.

[3]Hubbuch alleges that he was not paid for his "on-call" time. However, an employee is not entitled to compensation for his entire on-call time, only for time spent working while on call. See 29 U.S.C. § 203(o); 29 C.F.R. § 785.17. Hubbuch has not sufficiently alleged that his

time-and-a-half for all hours worked in excess of 40 per week.  UPS has submitted an unrefuted affidavit stating that it is UPS's practice to treat time spent on work-related telephone calls outside of normal working hours as compensable working time.  *Motion for Summary Judgment*, *Exhibit A*, Affidavit of David Tappendorf, ¶ 8.  Hubbuch does not dispute that he records his own overtime hours, and that he has been instructed to report any time spent on the telephone for UPS outside of regular working hours.  UPS's payroll records reflect the overtime hours that Hubbuch reported having worked in 2006 and 2007.  *Motion for Summary Judgment*, *Exhibit B*, PTRS System.  There is no evidence that Hubbuch was not paid for any of the overtime that he reported.

There being no genuine issues of material fact, and UPS being entitled to summary judgment as a matter of law, for the above reasons, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that UPS's motion for summary judgment (DN 15) is **GRANTED,** and Hubbuch's claims may be and the same hereby are dismissed with prejudice.

**IT IS SO ORDERED.**

---

entire "on-call" time was so severely restricted that he could not use it effectively for his own purposes.  *Rutlin v. Prime Succession, Inc.*, 220 F.3d 737, 743-4 (6th. Cir. 2000).